O

<span style="color:blue">JS-6</span>

# United States District Court
# Central District of California

| | |
|---|---|
| ANDREW MELONSON, | Case No. 2:15-cv-03526-ODW |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO** |
| TARGET CORPORATION; DOES 1 | **REMAND [12] AND GRANTING** |
| through 100, inclusive, | **MOTION TO TRANSFER [13]** |
| Defendants. | |

## I.    INTRODUCTION

There are two motions pending before the Court.  The first is a Motion to Remand filed by Plaintiff Andrew Melonson.  (ECF No. 12.)  The second is a Motion to Transfer filed by Defendant Target Corporation ("Target").  (ECF No. 13.)  The factual basis for this suit is Target's alleged failure to accommodate Melonson's work-related shoulder injury.  For the reasons discussed below, the Court **DENIES** the Melonson's Motion to Remand and **GRANTS** Target's Motion to Transfer.[1]

## II.    BACKGROUND

In his Complaint, Melonson alleges that he injured his shoulder while working in a warehouse owned by Target.  (Compl. ¶¶ 7–8.)  The Complaint does not specify

---

[1] After carefully considering the papers filed in support of and in opposition to both Motions, the Court deems both matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

1   when or where the injury occurred.  Melonson was allegedly placed on temporary
2   disability leave, underwent shoulder surgery, and was then denied disability
3   accommodations by Target.  (*Id.* ¶¶ 10–14.)  Melonson's Complaint raises six state-
4   law causes of action.  (*Id.*)

5       The Complaint was filed in California Superior Court on March 30, 2015.
6   (ECF No. 1-1.)  Target filed an Answer in state court on May 8, 2015.  (ECF No. 1,
7   ¶ 6.)  Target then removed the action to this Court on May 11, 2014 pursuant to
8   diversity jurisdiction under 28 U.S.C. § 1332(a).  (ECF No. 1.)  In its Notice of
9   Removal, Target alleges that its nerve center and place of incorporation is Minnesota.
10  (*Id.* ¶ 9.)  Target also alleges that the amount in controversy is approximately
11  $103,000 despite the Complaint's failure to specify a damages request.  (*Id.* ¶ 12.)  On
12  June 2, 2015, Melonson filed the Motion to Remand.  (ECF No. 12.)  On June 9,
13  2015, Target filed the Motion to Transfer.  (ECF No. 13.)

14                  **III.   LEGAL STANDARDS**

15  **A.    Subject Matter Jurisdiction**

16      A suit filed in state court may be removed to federal court if the federal court
17  has original jurisdiction.  28 U.S.C. § 1441(a).  Pursuant 28 U.S.C. § 1332(a), a
18  district court has original jurisdiction over civil actions where the suit is between
19  citizens of different states and the amount in controversy, exclusive of interest and
20  costs, exceeds $75,000.  The removing defendant must file in the district court a
21  notice of removal "containing a short and plain statement of the grounds for removal
22  . . . ."  28 U.S.C. § 1446(a).  The Supreme Court recently held that "a defendant's
23  notice of removal need include only a plausible allegation that the amount in
24  controversy exceeds the jurisdictional threshold," and need not contain evidentiary
25  submissions.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554
26  (2014).  But, "[e]vidence establishing the amount is required" where defendant's
27  assertion of the amount in controversy is contested by the plaintiff.  *Id.*  "In such a
28  case, both sides submit proof and the court decides, by a preponderance of the

evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)).   In proving the amount in controversy, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted).

**B.     Proper Venue**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any district or division "where the action might have originally been brought" in order to promote the convenience of the parties and witnesses and the interests of justice.  A district court must make two findings:  (1) the transferee court is one where the action "might have been brought," and (2) the parties' and witnesses' conveniences, as well as the interests of justice, favor transfer.  *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

## IV.     DISCUSSION

**A.     Motion to Remand**

In his Motion to Remand, Melonson makes only one challenge to this Court's subject-matter jurisdiction.  (ECF No. 12.)  He argues that this Court lacks diversity jurisdiction under 32 U.S.C. § 1332 because Target's Notice of Removal failed to prove by the preponderance of evidence that the amount in controversy is over $75,000.  (*Id.* at 4.)

Target's Notice of Removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *see Dart Cherokee*, 135 S. Ct. at 554, and that allegation is indisputably present.  Since Melonson now challenges Target's plausible allegation, the Court turns to Target's Opposition to the Motion to Remand to see whether Target provides "[e]vidence establishing the amount" in controversy.  *Id.*

1   In its Opposition, Target offers numerous proposed calculations of damages in
2   this case.   Target first notes that Melonson's Complaint seeks special damages,
3   general damages (to include emotional distress), punitive damages, loss income,
4   attorney's fees, interest, and restitution.  (Opp'n 1.)  Target calculates Melonson's lost
5   wages, based on an annual salary of $47,300 and nine months off of the job at the time
6   of removal, total $35,475.  (*Id.* at 5–6.)  Target then calculates prospective lost wages
7   based on a weekly salary of $909.62, and concludes that Melonson's lost wages will
8   exceed $75,000 by April 18, 2016.  (*Id.* at 6.)  Should this case reach trial after April
9   18, 2016, Target argues that lost wages alone exceed the jurisdictional amount.  (*Id.*)

10   Target also argues that several of the statutory causes of action in this case
11   authorize attorneys' fees, and should Melonson's attorneys bill at a conservative
12   locality rate of $400 per hour, the attorneys' fees will likely reach $40,000 by the time
13   the case proceeds to trial.  (*Id.* at 7 [citing *Arroyo v. Svela*, No. 2:10-cv-7814, 2012
14   WL 3308427, *2 (C.D. Cal. Aug. 13, 2012) (finding an hourly rate of $425 was
15   reasonable in an ADA case brought by attorneys working at the Center for Disability
16   Access, and a total fee award of $48,660 for 113 hours worked through bench trial
17   was reasonable)].)  Target further notes that punitive damages in similar actions could
18   range from $60,000 to $40,000,000.  (*Id.* at 8 [citing *Simmons v. PRC Tech.*, 209 F.
19   Supp. 2d 1029, 1033 (N.D. Cal. 2002).)  Target also explains the high dollar amounts
20   awarded for emotional distress in comparable disability right's actions.  (*Id.* at 9.)

21   Melonson did not even bother to file a Reply.  Thus, the Court only has Target's
22   calculations to determine whether the preponderance of the evidence demonstrates
23   that the amount in controversy exceeds $75,000.  All of Target's calculations and
24   estimates are reasonable, and the Court sees no reason to doubt Target's claim that the
25   amount in controversy exceeds $75,000.  Since Target carried its burden of proof on
26   this point, the Court concludes that this matter may be properly heard in federal court.
27   / / /
28   / / /

4

**B.      Motion to Transfer**

Seven days after Melonson filed his Motion to Remand, Target filed its Motion to Transfer.  (ECF No. 13.)  In its Motion, Target argues that none of the facts described in Melonson's Complaint occurred within the Central District.  (*Id.* at 2.)  Target argues that the warehouse where Melonson was allegedly injured is located in Yolo County, a county within the Eastern District of California.  (*Id.*)  Target further argues that all of the witnesses in this action and Melonson's home of record are also in the Eastern District of California.  (*Id.*)  Target submitted competent evidence in support of these arguments.  (*See* ECF Nos. 16 ["Klarfeld Decl."], 17 ["Barry Decl."].)

Melonson's Reply merely argues that this Court cannot transfer the case because it does not have jurisdiction under 32 U.S.C. § 1332.  (ECF No. 21.)  Melonson makes no attempt to contest Target's venue arguments.  Based on the unrebutted evidence submitted by Target, it appears that this action could have been filed in the Eastern District of California.  The unrebutted evidence also demonstrates that it is in the interest of justice and for the convenience of the parties to transfer this case to the district that encompasses all witnesses and the warehouse where the alleged wrongdoing occurred.  *See* 28 U.S.C. § 1404.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Melonson's Motion to Remand (ECF No. 12) and **GRANTS** Target's Motion to Transfer (ECF No. 13).  The Clerk of the Court shall hereby **TRANSFER** this case to the Eastern District of California, Sacramento Division.

**IT IS SO ORDERED.**

July 8, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**